**MANDATORY CHAMBERS COPY**

NOTE CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND TARZANA SURGICAL INSTITUTE, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY, a health benefits corporation doing business in California and DOES 1 through 100,<br><br>　　　　　Defendant. | CASE NO. 2:18-cv-9434- DSF (AGRx)<br><br>*Hon. Judge Dale S. Fischer*<br>Courtroom 7D<br><br>[~~Proposed~~] **PROTECTIVE ORDER** |

NOTE CHANGES MADE BY THE COURT

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Health Insurance Portability and Accountability Act of 1996, and for good cause, the Court issues this Protective Order. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**IT IS ORDERED THAT:**

**1. Scope of Protection**

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

**2. Definitions**

The term Confidential Information shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as "CONFIDENTIAL" by the producing party.

The term Confidential Health Information shall constitute a subset of Confidential Information, and shall be designated as "CONFIDENTIAL" and subject to all other terms and conditions governing the treatment of Confidential Information. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or

future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

a. names;
b. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
c. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
d. telephone numbers;
e. fax numbers;
f. electronic mail addresses;
g. social security numbers;
h. medical record numbers;
i. health plan beneficiary numbers;
j. account numbers;
k. certificate/license numbers;
l. vehicle identifiers and serial numbers, including license plate numbers;
m. device identifiers and serial numbers;
n. web universal resource locators ("URLs");
o. internet protocol ("IP") address numbers;

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

     p. biometric identifiers, including finger and voice prints;

     q. full face photographic images and any comparable images; and/or

     r. any other unique identifying number, characteristic, or code.

The term Technical Advisor shall refer to any person who is not a party to this action or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's Confidential Information, including Confidential Health Information. Each party's Technical Advisors shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

### 3. Designation of Information

Documents and things produced or furnished during the course of this action shall be designated as containing Confidential Information, including Confidential Health Information, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL

A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript at the time of the deposition.

A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing Confidential Information when such papers are served or sent. Information used at trial shall become public absent ~~A party shall designate information disclosed at a hearing or trial as~~ a separate court order upon motion and a sufficient ~~Confidential Information by requesting the court, at the time the information is~~ showing.

(AGR)

-4-

[Proposed] PROTECTIVE ORDER      CASE NO. 2:18-cv-9434-DSF (AGRx)

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1 ~~proffered or adduced, to receive the information only in the presence of those~~
2 ~~persons designated to receive such information and court personnel, and to~~
3 ~~designate the transcript appropriately.~~

4 The parties will use reasonable care to avoid designating any documents or
5 information as Confidential Information that is not entitled to such designation or
6 which is generally available to the public. The parties shall designate only that part
7 of a document or deposition that is Confidential Information, rather than the entire
8 document or deposition.

### 4. Disclosure and Use of Confidential Information

10 Information that has been designated Confidential shall be disclosed by the
11 receiving party only to Qualified Recipients. All Qualified Recipients shall hold
12 such information received from the disclosing party in confidence, shall use the
13 information only for purposes of this action and for no other action, and shall not
14 use it for any business or other commercial purpose, and shall not use it for filing
15 or prosecuting any patent application (of any type) or patent reissue or
16 reexamination request, and shall not disclose it to any person, except as hereinafter
17 provided. All information that has been designated Confidential shall be carefully
18 maintained so as to preclude access by persons who are not qualified to receive
19 such information under the terms of this Order.

20 In the event that any receiving party's briefs, memoranda, discovery
21 requests, requests for admission or other papers of any kind which are served or
22 filed shall include another party's Confidential Information, the papers shall be
23 appropriately designated and shall be treated accordingly.

24 All documents, including attorney notes and abstracts, which contain another
25 party's Confidential Information, shall be handled as if they were designated
26 pursuant to paragraph 3.

27 ///

Documents, papers and transcripts filed with the court that contain any other party's Confidential Information shall be filed [with an application to file in conformance with Local Rule 79-5] under seal.

### 5. Qualified Recipients

For purposes of this Order, the term Qualified Recipient means

    a. Outside counsel of record for any party in this action, as well as employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

    b. Representatives, officers, or employees of a party as necessary to assist outside counsel in the preparation and trial of this action;

    c. Witnesses who testify by deposition ~~or at trial~~ who, if not a representative, officer, or employee of a party, shall be advised about the terms of this Order and that such Order is applicable to them in connection with their testimony and do not retain copies of Confidential Information;

    d. Persons who were authors or recipients of the Confidential Information or previously had legal access to Confidential Information;

    e. Technical Advisors, expert witnesses, or consultants engaged by a party to assist with the preparation and trial of this action provided such expert or consultant agrees in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

    f. Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in

writing, in the form attached at Appendix A, to be bound by the terms of this Order;

    g. Stenographers and videographers engaged to transcribe or record depositions conducted in this action provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order; and

    h. The Court and its support personnel.

**6. Nonparties**

Any nonparty who produces documents or other information in response to discovery requests or subpoenas in this litigation shall be entitled to the benefits and protections of this Order and shall be entitled to seek additional protections. The parties agree that they will treat Confidential Information produced by nonparties according to the terms of this Order.

Nonparties may challenge the confidentiality of Confidential Information by filing a motion to intervene and a motion to de-designate.

**7. Inadvertent Failure to Designate**

In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 3, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

**8. Inadvertent Disclosure**

In the event of an inadvertent disclosure of another party's Confidential Information to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to

-7-

whom the disclosure was made that it contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

### 9. Challenge to Designation

At any time after the delivery of Confidential Information *and consistent with the Court's schedule*, counsel for the party receiving the Confidential Information may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Confidential Information. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party receiving the Confidential Information shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Confidential Information. Thereafter, the party disclosing or producing the Confidential Information shall have ten days from the date of certification to file a motion for protective order with regard to any Confidential Information in dispute. The party producing the Confidential Information shall have the burden of establishing that the disputed Confidential Information is entitled to confidential treatment. If the party producing the Confidential Information does not timely file a motion for protective order, the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order. All Confidential Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order,

-8-

[Proposed] PROTECTIVE ORDER

CASE NO. 2:18-cv-9434-DSF (AGRx)

or a contrary determination is made by the Court as to whether all or a portion of designated Confidential Information is entitled to confidential treatment.

### 10. Conclusion of Action

At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information and to certify to the producing party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

### 11. ~~Jurisdiction to Enforce Protective Order~~

~~After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.~~

### 12. Modification of Protective Order

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

### 13. Confidentiality of Party's Own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose

-9-

[Proposed] PROTECTIVE ORDER

CASE NO. 2:18-cv-9434-DSF (AGRx)

such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

**14.  Compulsory Disclosure to Third Parties**

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Confidential Information, including Confidential Health Information of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

**15.  Binding Effect**

This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Signed this 18th day of March, 2019.

_Alicia G. Rosenberg_
Hon. ~~Dale S. Fischer~~ ALICIA G. ROSENBERG
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

-10-

[Proposed] PROTECTIVE ORDER

CASE NO. 2:18-cv-9434-DSF (AGRx)